UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIANN H. MCCANN,

    Plaintiff,

v.                                                 Case No: 6:12-cv-629-Orl-TBSTBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER[1]

Pending before the Court is the Commissioner's Unopposed Motion for Entry of Judgment with Remand. (Doc. 16). The Commissioner requests that the Court remand this case pursuant to sentence four of 42 U.S.C. § 405(g) so that he can take further administrative action. Pursuant to M.D. Fla. Local Rule 3.01(g), counsel for the Commissioner represents that he has conferred with counsel for Plaintiff, who has no objection to the motion.

Pursuant to Title 42, United States Code, Section 405(g), the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984) appeal after remand, 613 F.Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). A sentence four remand may be appropriate to allow the Commissioner to explain the basis for his administrative decision.

---

[1] On July 13, 2012, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 11). Accordingly, on July 23, 2012, the District Court Judge referred the case in its entirety to the undersigned. (Doc. 12).

Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). Upon remand of the case under sentence-four, the ALJ must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon consideration of the foregoing, I agree with the parties that it is appropriate to remand this matter to the Commissioner and hereby **ORDER** that:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 16) is **GRANTED**.

2. This action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

4. The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that notice has been received.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on the 20th day of November, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record